The right foot of Richard Gilcrease, age twelve, was injured from alleged accidental contact with the left dual wheels, through an opening in the floor, of a school bus owned by defendant, S.J. Speight. This suit was instituted by the boy's father to recover expenses incurred in treating the injured member and for the pain and suffering experienced by his son.
It is alleged that defendant was employed by the Parish School Board to transport school children to and from Negreet High School in Sabine Parish; that when injured and prior thereto, young Gilcrease was a student in said school and was hurt while the bus was hauling children home after the close of school for the day.
It is further alleged that the accident occurred solely from the carelessness and negligence of the defendant in that he allowed the hole in the bus' floor to remain "open and dangerous to the school children passengers riding therein and also by the careless and negligent action of the driver of the bus in failing to bring same to an immediate stop," after knowing the accident happened.
The petition was excepted to as disclosing neither a cause nor a right of action. The exceptions were not passed upon and their consideration seems not to have been urged below. They are not urged here. Reserving the benefits of the exceptions, defendant answered. The allegations of the petition are articulately denied save that the boy was injured and was carried to a physician for treatment, which facts are admitted. Alternatively, defendant avers that plaintiff's son was injured solely because of his own contributory negligence in these respects, to-wit:
1. That he discovered the opening in the truck's floor and at no time imparted the knowledge to defendant.
2. That the hole was not located in the generally used part of the floor, but under the seat and that the boy, to scrape the tire, willfully and purposely stuck his foot therein.
Plaintiff's demand was rejected and he appealed.
The bus at the time of the accident was being driven by a young man named James W. Williams. When plaintiff sought to prove that he was acting as defendant's agent, proffered testimony was objected to and excluded by the court on the ground that the petition makes no reference to the truck being operated by an agent, but, on the contrary, by defendant, himself. Therefore, the trial court did not have before it specific proof that the truck was then on a mission for defendant or was being used by his agent in furtherance of his interest. This point is urged by appellee. The lower court, in written reasons for judgment, held that notwithstanding lack of allegations of agency and exclusion of proof on the subject, as defendant admitted ownership of the bus, and that he had an agreement with the School Board to transport children to and from said school, the obligation devolved upon him to keep the bus in a safe state of repair and provide safe transportation to the school children; that if he failed to do this he was exposed to liability for damages arising therefrom.
We are not prepared to unqualifiedly concur with the reasoning of the lower court as we can perceive of facts and circumstances which would undoubtedly render same untenable. However, as we are *Page 96 
in complete accord with the trial judge's conclusions on the factual issues presented, we shall decide the case on its merits.
At the time of the accident there were some thirty-five children in the bus. There are three lines of seats (or benches) in a bus of this character; on each side one is parallel to and adjoins the wall, while the other runs down the center. The tops of the dual rear wheels extend slightly above the floor level. To protect the tires from exposure above the floor, boards three or four inches wide and eighteen inches long, extending lengthwise from the bus' sides toward its center, were bound together and formed a covering above the tires. One of these boards worked loose and disappeared. This left an opening for its entire length and breadth through which the revolving wheel could be seen. The testimony, though conflicting, convinces us that this board was in place the evening prior to the accident. It must have worked loose the following morning en route to school. Neither defendant or the driver had knowledge of its absence.
The hole in the floor was discovered when the children boarded the bus at close of the school day. It provided a tempting attraction for experimentation on the part of several of the boys. Some of them stuck their shoes into the hole and against the tire to hear the noise which friction produced. Older children admonished the experimenters against the practice and we are morally certain all of them desisted save plaintiff's son. He alone was injured.
Plaintiff's son says he was sitting on the bench immediately above the opening and leaned forward to get some peanuts from a sack beneath the center bench and that as he did so, he, although, knowing the hole was there, inadvertently stuck his foot beneath the bench, into the hole and against the turning wheel. It was caught and injured. The boy admitted to the physician and nurse who administered to his injuries immediately after the accident, that he purposely stuck his foot into the hole. We think this is what happened.
At the time of the accident plaintiff's son was twelve years old. Judging from answers given by him to questions while on the witness stand, he is at least of average intelligence, if not above the average. This being true, he was capable of contributory negligence and under the law should be held responsible for such acts on his part.
The record does not clearly establish any negligence on defendant's part, but, conceding that such was proven, it is obvious that the boy's own imprudence in putting his foot into the opening was the proximate and contributing cause of the accident and consequent injuries.
The trial judge, who states in written reasons for judgment that he knows very well the parties to and the witnesses in this suit, had no hesitancy in arriving at the same conclusion on the issues of fact tendered as we have; and, for said reasons, the judgment appealed from is affirmed at plaintiff's cost.